IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-369-D

NATHANIEL N. TORRES           )
                              )
                Plaintiff,    )
                              )          **ORDER**
        v.                    )
                              )
DUKE ENERGY,                  )
                              )
                Defendant.    )

On September 21, 2022, Nathaniel N. Torres ("Torres" or "plaintiff"), proceeding pro se and in forma pauperis filed this action under Title VII of the Civil Rights Act of 1964 against Duke Energy ("Duke Energy" or "defendant") [D.E. 5]. That same day, Torres issued a summons to Duke Energy [D.E. 6]. On October 24, 2022, Torres moved for entry of default [D.E. 9]. On November 10, 2022, Duke Energy responded in opposition to Torres's motion for entry of default [D.E. 15].

On November 10, 2022, Duke Energy moved to dismiss Torres's complaint pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure [D.E. 12] and filed a memorandum in support and declaration. See [D.E. 13–14]. On November 14, 2022, the court notified Torres about Duke Energy's motion to dismiss and set a deadline of December 1, 2022, to respond to the motion to dismiss. See [D.E. 16]. On December 1, 2022, Torres responded in opposition to Duke Energy's motion to dismiss [D.E. 17]. On December 15, 2022, Duke Energy replied [D.E. 18]. As explained below, the court grants Duke Energy's motion to dismiss, dismisses without prejudice Torres's complaint, and dismisses as moot Torres's motion for entry of default.

I.

On September 21, 2022, Torres filed this action against Duke Energy alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. See [D.E. 5]. Torres alleges that Duke Energy Program Manager Daphne Richardson denied him a project based on his race and that when he complained about the racial discrimination, Duke Energy terminated his employment. See [D.E. 5] 4; [D.E. 5-1] 5.

On September 21, 2022, Torres issued a summons to Duke Energy [D.E. 6]. In the summons, Torres names "Duke Energy" and lists the address as 411 Fayetteville Street Raleigh, North Carolina 27601. Id. On October 14, 2022, the summons was returned executed after John Jefferson received the summons at 411 Fayetteville Street Raleigh, North Carolina 27601. See id. at 2. John Jefferson is not an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process for Duke Energy. See [D.E. 14] ¶ 5.

On October 24, 2022, Torres moved for entry of default because Duke Energy had not responded to his complaint [D.E. 9]. On November 10, 2022, Duke Energy responded in opposition to Torres's motion for entry of default [D.E. 15].

On November 10, 2022, Duke Energy moved to dismiss Torres's complaint pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure See [D.E. 12–14]. Duke Energy contends that service was improper because Torres's summons fails to name an officer, director, or agent of defendant, fails to name a proper entity as a defendant, was sent to the wrong address, and was delivered to someone who lacked authority to accept service of process. See [D.E. 12]; [D.E. 13] 1, 3–6.

2

## II.

Under Rule 12(b)(2), plaintiff must prove personal jurisdiction. See, e.g., Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993); Fed. R. Civ. P. 12(b)(2). If the court resolves a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, a plaintiff must show a prima facie case of personal jurisdiction. Mylan Labs, Inc. 2 F.3d at 60. In deciding whether plaintiff has proven personal jurisdiction, the court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." Id.; Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014).

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, and a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of "service" of process. See Fed. R. Civ. P. 12(b)(4), (b)(5); Lee v. City of Fayetteville, No. 5:15-CV-638, 2016 WL 1266597, at *2 (E.D.N.C. Mar. 30, 2016) (unpublished). Stated differently, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. See, e.g., 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004). For example, a typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint. A typical Rule 12(b)(5) challenge alleges that the process was delivered by a person incapable of serving process (e.g., a party), to a person or entity incapable of receiving service (e.g., a minor), or that the service was delivered in an improper way (e.g., via first-class mail). See, e.g., Stokes v. JPMorgan Chase Bank, NA, No. 8:11-cv-2620, 2012 WL 527600, at *5–6 (D. Md. Feb. 16, 2012) (unpublished). Plaintiff bears the burden of establishing proper service of process. See Mylan Labs., 2 F.3d at 60; Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013).

3

Filing a lawsuit is serious business. Service rules ensure due process and personal jurisdiction over a defendant. Moreover, the rules concerning how to serve a corporation help to alert those receiving a corporation's mail that the mail includes a lawsuit deserving prompt attention. These rules concerning service of process apply equally to litigants proceeding with or without counsel. Service of process is not a mere formality, and courts should not overlook procedural deficiencies even if actual notice occurred. See, e.g., Shaver v. Cooleemee Vol. Fire Dept., No.1:07-cv-175, 2008 WL 942560, at *2 (M.D.N.C. April 7, 2008) (unpublished); McDaniel v. Greyhound Lines, Inc., No. 3:08-cv-130, 2008 WL 2704774, at *4 (W.D.N.C. July 7, 2008) (unpublished); Hoyle v. United Auto Workers Loc. Union 5285, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006).

A party may serve a corporation by following the state law rules for service of process where the action is pending. See Fed. R. Civ. P. 4(e) & (h). North Carolina law permits service "[u]pon a domestic or foreign corporation" in the following ways:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

N.C. R. Civ. P. 4(j)(6) (emphasis added). Plaintiff must prove that he accomplished service of process in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. See Mylan Lab., 2 F.3d at 59–60.

4

Torres failed to designate in his summons any of the parties authorized by North Carolina Rule of Civil Procedure 4(j)(6) to accept service on behalf of a corporation. See [D.E. 6]. Accordingly, the summons was "defective" on its face. See Lane v. Winn-Dixie Charlotte, Inc., 169 N.C. App. 180, 187, 609 S.E.2d 456, 460 (2005). Notably, the party to whom service on a corporation must be addressed are essentially the same under the North Carolina Rules of Civil Procedure and the Federal Rules of Civil Procedure. Compare N.C. R. Civ. P. 4(j)(6) (requiring that service be directed or addressed to an "officer, director, or managing agent" or registered agent) with Fed. R. Civ. P. 4(h) (requiring that service be directed to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law"). Torres's summons fails to specify the proper title of an individual to receive service of process on behalf of defendant. Torres's summons is defective. Thus, Torres failed to properly serve the summons and complaint by authorized means or direct or address service of process to any officer, director, or agent of defendant. See Fed. R. Civ. P. 12(b)(4); Adams v. GE Money Bank, No. 1:06-cv-227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (unpublished); Shaver, 2008 WL 942560, at *2.

Alternatively, Torres failed to send the summons and complaint to the proper address. Torres addressed the summons and complaint to 411 Fayetteville Street Raleigh, North Carolina 27601. See [D.E. 6]. That address is not Duke Energy's registered office, registered mailing address, principal office, or mailing address. See [D.E. 14] ¶ 7; [D.E. 14-2]. Thus, Torres failed to properly serve the summons and complaint. See Fed. R. Civ. Pro. 4, 12(b)(2), & (b)(5); Torres v. Oakland Scavenger Co., 487 U.S. 312, 316–17 (1988); Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304–06 (4th Cir. Dec. 20, 2016) (per curiam) (unpublished); Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (It is the plaintiff's "responsibility to provide proper addresses for service . . . .").

5

Where the plaintiff in an action has failed to comply with procedural requirements for proper process or service of process, a court may not exercise personal jurisdiction over the defendant. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); McDaniel, 2008 WL 2704774, at *5; Shaver, 2008 WL 942560, at *3; Adams, 2007 WL 1847283, at *3. Because Torres failed to comply with the process and service of process requirements, this court lacks personal jurisdiction over the defendant. Accordingly, the court dismisses without prejudice Torres's complaint.

III.

In sum, the court GRANTS defendant's motion to dismiss plaintiff's complaint [D.E. 12], DISMISSES WITHOUT PREJUDICE plaintiff's complaint [D.E. 5], and DISMISSES as moot plaintiff's motion for entry of default [D.E. 9].

SO ORDERED. This 21 day of February, 2023.

JAMES C. DEVER III
United States District Judge

6